CHRISTIAN, J.,
delivered the opinion of the court.
'The main question we have to determine in this case is, whether the widow of a decedent who, in his lifetime, has failed to claim and set apart a homestead, and who dies leaving no children, and there being no creditors. *143 can claim a homestead in the estate of her husband?
In the case before us. commissioners appointed for that purpose, after laying off and assigning to her one-third of the real estate of her husband as her dower, also set apart to her the remaining two-thirds, that being valued at the sum of $8,000, the amount of homestead exemption in this state. So that, according to the report of the commissioners, the whole real estate of the decedent was transferred to the widow for life, to the exclusion oí the heirs. Exceptions, however, were taken to *the report of the commissioners by the heirs of decedent, one of which (the third exception) was as follows:
“3d. And complainants further except to the assignment of homestead for the following reason: That the widow is not entitled to homestead in addition to her dower and year’s support.”
The court sustained this exception by the following decree:
“And the court sustains the third exception to the report of commissioners of assignment of homestead, the court being of opinion that the widow of a decedent who died since the present constitution of Virginia went into effect is not entitled to a homestead in the estate of her husband; whereas in this instance the decedent died owing no debts, and that while said homestead may be claimed and held as against creditors whose claims were contracted since the present constitution went into effect, in case there is no waiver of homestead in favor of said creditors. that said homestead cannot be claimed and held against heirs at law and distributees of the decedent’s estate.”
Erom this decree an appeal was allowed by one of the judges of this court.
The question we have to determine is one purelv of construction, and must be determined alone upon the true interpretation to be given to the provisions of the constitution in relation'to the homestead exemption, and the statute law passed in pursuance thereof.
Section 1, article 11, of the constitution, provides that “every householder or head of a family shall be entitled, in addition to the articles now exempt from levy or distress for rent, to hold exempt from levy, seizure, garnisheeing or sale, under any execution, order or other process, issued on any demand for .any debt * * * hereafter contracted, his real and personal property, or either, including money or debts due him, whether heretofore *or hereafter acquired or contracted, to the value of not exceeding two thousand dollars, to be selected by him: provided.” &c., (and then follow; certain specified exceptions to which such exemption shall not apply, not necessary to be noticed here).
The fifth section of said article contains the following provision: “The general assembly shall, at its first session under this constitution, prescribe in what manner and on what conditions the said householder or head of a family shall thereafter set apart and hold for himself and family a homestead out of any property hereby exempted, and may, in its discretion, determine in what manner and on what condition he may thereafter hold for the benefit of himself and family such personal property as he may have, and coming within the exempti m hereby made. But this section shall not be construed as authorizing the general assembly to defeat or impair the benefits intended to be conferred by the provisions of this article.”
Section 7 declares that “the provisions of this article shall be construed liberally, to the end that all the intents thereof may be fully and perfectly carried out.”
I have thus quoted in full all the provisions of the constitution having reference to the subject under enquiry.
In accordance with the requirements of the fifth section above quoted, the general assembly duly proceeded, at its first session after the adoption of the constitution, to prescribe “in what manner and on what conditions the householder or head of a family should set apart and hold for the benefit of himself and family a homestead out of any property exempted.”
In doing this they went a step beyond the specific requirements of the constitutional provisions above quoted, and provided for the case of a party dying without claiming a homestead, making provision for the widow and infant children of such decedent. It is noticeable ’That the constitution, by its terms, makes no provision for the widow or infant children of a decedent who dies without having claimed a homestead. The provisions of the constitution are confined to the party himself, declaring that he “shall be entitled to hold and set apart for the benefit of himself and family” the exempted property. And it has been earnestly contended, and with much force, that it was not contemplated by the framers of the constitution that any provision should be made further than for the benefit of the party who, in his lifetime, claims and sets apart his homestead — the constitution itself making no mention of the widow and children of a decedent who, in his lifetime, has failed to claim his homestead. But I think it is clear, that while the legislature cannot impair or abridge the rights of homestead secured by the constitution, it may enlarge such rights and confer them upon a class of persons not specifically mentioned in the constitution. Indeed, this question has already been definitely settled by this court. In Hatorf v. Wellford, Judge, 27 Gratt. 356, the precise question as to constitutionality of the act which confers the right to claim a homestead upon the widow or minor children of a decedent, who had not claimed and set apart his homestead, in his lifetime, was raised and argued in that case, and this court decided in favor of the constitutionality of the act, and of the right of the widow to claim a homestead in the estate of her deceased husband. In that case, however, the claim was asserted and upheld against the claim of creditors. The question, whether *144 the widow could, under the statute, claim a homestead against the heirs, where there were no creditors, did not arise, and was not decided. On the contrary, Judge Staples, delivering thé opinion of the court, said: “It has been held in Georgia and North Carolina certainly, and probably *in other states, that the object of the homestead laws is the security of the debtor and his family against the demands of the creditor, and where there are no debts the homestead cannot be held against the adult children, and the assignment does not preclude them from asserting their title to a share of the estate, citing Kemp v. Kemp, 42 Geo. 523; Hager v. Nixon, 69 N. C. 108. Upon these questions this court is not now called upon to express any opinion. It is sufficient to say that the petitioner and her children are entitled to have assigned them, and to hold exempt from levy, seizure or sale, so much of the personal estate of the father or head of the family as he himself would be entitled to select or set apart were he now living and asserting his claim to the homestead.” The only question, therefore, decided in Hatorf v. Wellford, Judge, (supra), was that the widow has the right to claim homestead for herself and minor children in the estate of her deceased husband, where he has not claimed it and set it apart in his lifetime as against the creditors of her husband. So that we have now before us, for the first time, the question, whether under the constitution and statute law of this state a widow can claim a homestead where there are no creditors against the heirs. This question, as was said in the beginning, must be determined alone upon the true construction to be given to the act of assembly and the provisions of the constitution upon which it is founded. It is to be premised that while in the petition of appeal it is assigned as one ground of error, that the court did not direct its commissioners to enquire whether there were debts due for which the real estate was liable, it was regarded as a concessum in the case, in the court below, that the decedent died owing no debts. The bill asserts that the personal estate was more than sufficient to pay any debts for which decedent was liable. This is nowhere denied, and indeed, the court, by its decree, declares that the *“decedent died owing no debts.”
This will be taken as a concession in this court, as it was in the court below.
The decedent in this case left no children. His heirs-at-law were his mother, brothers and sisters, and their descendants. Under the statute of descents and distributions, the real estate descended to these heirs, subject to the widow’s dower in one-third thereof, which was duly assigned to her. Upon the death of John Helm, his real estate immediately descended, and the title thereto became at once vested in these heirs. Was it divested and transferred for her life to the widow by virtue of the act of assembly above referred to?- Section 10 of that act provides that “if any such householder^ or head of a family shall have departed this life since the adoption of the present constitution, leaving a widow or infant children, and such homestead shall not have been selected or assigned in the lifetime of said householder, she, if remaining unmarried, or they, if she marry or die before such selection, shall be entitled to claim the same; and the court shall appoint commissioners to assign the same, in the same manner that commissioners are appointed to assign dower; and the homestead so assigned shall be held by the widow and children to the extent and on the same conditions prescribed in section 8 of this act.” Section 8 herein referred to, declares that the homestead provided in this act shall continue after his death (i. e., after the death of a decedent who has claimed and set apart the homestead during his lifetime), for the benefit of the widow and children of the deceased, until her death or marriage, and after her death or marriage for the exclusive benefit of his minor children until the youngest child becomes twenty-one years of age.
Under these provisions it is plain, when construed, as they must be, with reference to the provisions of the constitution, that the homestead which the widow may *claim after the death of her husband (who dies without having selected and set apart a homestead) is of the same character as that which the husband may have been “entitled to hold” in his lifetime; that is, a homestead held “exempt from levy, seizure, garnisheeing or .sale under any execution, order or other process issued on any demand for any debt,” &c. The claim of homestead to be asserted by the widow, under statute and the constitution, is a claim which she can only assert against the creditors of her husband, and not against his heirs. If there be no creditors, she is not entitled to claim homestead in her husband’s estate. The question, whether a widow without minor children, can claim for herself a homestead against creditors, does not arise in this case, and upon this question I express no opinion. The homestead, when claimed bv her in a proper case, as when there are creditors, must be held by her “to the extent and upon the same conditions prescribed in section 8 of the act” — that is, “for the benefit of the widow and minor children.” If there be no minor children, she cannot holdahomestead against the adult children, nor can she hold it, if there lie no children, as in this case, against the heirs of her husband. In such case she is only entitled to her dower, but not to a homestead in her husband’s estate. Any other construction of the statute would be to declare that the- statute of descents and distributions had been repealed or modified by the homestead laws. Surely the legislature never intended, by the enactment of a homestead law, to repeal or modify the statute of descents in this state, which has become sacred by its antiquity, and one of the most important and valuable enactments, affecting the rights of property in the jurisprudence of this state. We cannot give such a construction to these laws as will repeal or modify to any extent this useful and venerable statute, unless such intention plainly and unmistakably appears *by a direct repealing *145 c-lause or the most necessary implication.
If we give to the homestead law the construction contended for in this case, we would give to the widow not only her dower, but the whole of the real estate of her husband, to the exclusion of his heirs. We would, in effect, declare that a law, the sole object of which is the security of the debtor and his family against the demands of the creditor, should have the effect to taking away, in many instances, the whole property of a decedent from his children and heirs, and giving the whole to his widow during her life, and of changing the whole course of descents and distribution of property which has flowed in one channel for more than a century. Such a construction can never have the assent of my judgment, or the sanction of my judicial action. I am of opinion that the claim of homestead can only be asserted by a widow against the creditors of her husband, and never against his heirs; and in the case before us that the widow is only entitled to dower and not to a homestead.
There is only one other question raised in the record necessary to be noticed. The widow had. upon her motion in the county court of Floyd county, procured the appointment of commissioners to assign her dower, and also a homestead in the real estate of her husband, and upon the report of these commissioners, the county court had transferred to her the whole real estate of her husband — one-third as dower and two-thirds as homestead. It was insisted that this was a decree of a court of competent jurisdiction, and that the circuit court could take no cognizance of the case, except by appeal from the county court.
It is sufficient to say that all the proceedings in the county court were mere nullities, and were properly so treated by the circuit court. The homestead act provides that the homestead shall be assigned to the widow in the *samc manner as dower is assigned — that is, on motion of the heirs or devisees. In this case, after a bill was filed by the heirs in the circuit court, the widow went into the county court, and. upon her motion alone, all the proceedings in the county court were had, and to these proceedings the heirs were not even made parties, and, of course, were not bound by them. Such proceedings could not in any manner affect the rights of the heirs to have the whole question adjudicated in the circuit court.
Upon the whole case, I am of opinion there is no error in the decree of the circuit court, and that the same should be affirmed.
Decree affirmed.