## Richmond.

BARKER v. JENKINS.

MAY 10th, 1888.

Absent, Richardson, J.

1. HOMESTEAD—*Widow—Heirs.*—Widow, whose husband owed no debts at ·his decease, cannot claim a continuance of the homestead which, in his lifetime, he had set apart under Code 1873, ch. 183. *Helm* v. *Helm*, 30 Gratt., 404.

2. APPELLATE COURT—*Jurisdiction—Title to land.*—An appeal lies to a decree allowing widow homestead for her lifetime in the realty of her deceased husband, though the appellant's interest therein be less than the minimum jurisdictional sum, as the controversy concerns the title to land. Code 1873, ch. 178, sec. 3.

3. IDEM—*Interlocutory decrees—Limitation—Case at bar.*—The statutory limitation of appeals to one year after the rendition of the decree, applies only to *final* decrees. The decree here sustaining the widow's claim to home·stead, was not final, inasmuch as it directed certain enquiries "in the · cause" to be made by a commissioner. *Rawlings* v. *Rawlings*, 75 Va. 76.

Appeal from decree of circuit court of Hanover county, rendered October 27th, 1885, in the cause wherein Benjamin Barker and Araminta E. Barker, his wife, (the appellant), were complainants, and John Jenkins and Harriet Jenkins, (the appellee), were defendants. The object of the suit was to partition the real estate of the intestate, W. B. Jenkins, between his two heirs, the female complainant and the male defendant, and to assign dower to his widow, Harriet Jenkins. The latter in her answer claimed a homestead for her life in the said real estate, it having been set apart as his homestead by her hus-

band in his lifetime. The court allowed her the homestead for her lifetime.

*Walter Sydnor* and *Sands, Leake & Carter*, for the appellants.

*Geo. P. Haw*, for the appellee.

LEWIS, P., delivered the opinion of the court.

The principal question in this case is, whether a widow can hold, as against the heirs at law, there being no creditors, a homestead set apart by her husband in his lifetime. The decedent died, intestate, seized and possessed of two small tracts of land, and leaving two adult children as his heirs at law. The bill was filed by one of the heirs for a partition of the real estate, and to the bill the widow and the other heir were made defendants. The latter in his answer avers that there are debts of the estate still unpaid, amounting in the aggregate to about the sum of $80; but in support of this affirmative averment there is no proof. The widow in her answer relies upon the simple averment, that the homestead having been set apart by her husband in his lifetime, she is entitled to hold the same during her life or widowhood. The whole estate was so set apart; so that if the claim of the widow be well founded, the heirs are not entitled to the enjoyment, or to have partition, of the land during her life or widowhood.

The statute of descents regulates the descent of estates of inheritance, and any one who claims as against the heir, must make good the claim. Consequently their being no evidence in the record that the estate of the descendent is indebted, we must assume that there are no creditors; for the fact that a homestead was claimed by the ancestor in his lifetime is not, as against the heir, presumptive evidence that there are subsisting debts of the estate outstanding.

The question, then, is whether, under these circumstances, the claim of the widow can be sustained.

The claim is based upon the provisions of the eighth section of the statute relating to homesteads, which is as follows:

" The homestead provided in this act shall continue after his [the householder's] death, for the benefit of the widow and children of the deceased until her death or marriage, and after her death or marriage, for the exclusive benefit of his minor children, until the youngest child becomes twenty-one years of age; after which period it shall pass, according to the law of descents, as other real estate, or as may be devised by said householder, not being subject to dower, yet subject to all the debts of the said householder or head of a family." Code 1873, ch. 183, sec. 8.

The homestead provided in this act, which is to continue after the death of the householder, is not an absolute exemption, but, as the first section provides, " a homestead exempt from levy, seizure, garnisheeing, or sale," etc., for any debt. And this language is in accordance with the provision of the constitution that " every householder or head of a family shall be entitled, in addition to the articles now exempt from levy or distress from rent, to hold exempt from levy, seizure, garnisheeing, or sale under any execution, order, or other process, issued on any demand for any *debt*," etc. Art. XI., sec. 1.

It is clear, in the light of these provisions, that if the householder dies intestate, and there are no debts as against which the homestead can be held exempt, the exemption ceases altogether, and the land theretofore set apart as a homestead goes, if the intestate dies seized of an estate of inheritance, according to the statute of descents, to the heirs at law, subject to the widow's right of dower, if the intestate leaves a widow.

This was the view taken by the court in *Helm* v. *Helm*, 30 Gratt., 404, in which it was held that a widow can only assert a claim of homestead against the creditors of her husband, and

not against his heirs. In that case, it is true, the homestead had not been set apart by the householder in his lifetime, but was claimed by the widow after his death under the tenth section of the statute; yet, inasmuch as it is expressly provided by that section that the homestead assigned under it "shall be held|by the widow and children to the extent and on the same conditions prescribed in section eighth" of the act, the construction of the last mentioned section was necessarily involved in the decision of the case. And the court said that the homestead which the widow may claim, under the tenth section, is of the same character as that which the husband may have been entitled to hold in his lifetime, and which is continued after his death by the eighth section; that is to say, a homestead held "exempt from levy, seizure, garnisheeing, or sale under any execution, etc., for *debt;*" and therefore that the claim of the widow to homestead, after her husband's death, can be asserted only against his creditors.

"Any other construction of the statute," said the court, "would be to declare that the statute of descents and distributions had been repealed or modified by the homestead laws. *. * It would be in effect to declare that a law, the sole object of which is the security of the debtor and his family against the demands of the creditor, should have the effect of taking away, in many instances, the whole property of a decedent from his children and heirs, and giving the whole to his widow during her life, and of changing the whole course of descents and distribution of property which has flowed in one channel for a century."

It is impossible to distinguish that case in principal from the present case, and the decree of the circuit court sustaining the claim of the widow is erroneous.

The objections to the jurisdiction of this court are also untenable. The record shows that the value of the land of which partition is sought is $630, of which the female appellant, who, together with her husband, were plaintiffs in the court below,

is entitled, subject to the widow's dower, to one-half, the value of which is less than $500. But as the controversy concerns the title to land, namely, the title of the widow to the land set apart as a homestead by her husband in his lifetime, the case is within the jurisdiction of the court. *Pannill* v. *Coles*, 81 Va., 380.

. The record also shows that the decree denying the prayer of the bill for partition, and sustaining the claim of the widow to the homestead, was rendered on the 27th of October, 1885. It shows, however, that by the same decree certain inquiries " *in* the cause" were directed to be made by a commissioner of the court, and consequently the decree was not *a final* decree. *Harvey* v. *Bronson*, 1 Leigh, 108; *Cocke's Adm'r* v. *Gilpin*, 1 Rob., 20; *Regan's Adm'r* v. *McLeod*, 32 Gratt., 367; *Rawlings' Ex'or* v. *Rawlings*, 75 Va., 76. The appeal was therefore taken in time.

For these reasons the decree will be reversed, and the cause remanded to the circuit court for such further proceedings to be had therein as may be necessary in order to a final decree.

DECREE REVERSED.