## Wytheville.

### VIRGINIA-TENNESSEE COAL AND IRON CO. v. McCLELLAND AND WIFE.

#### JUNE 28, 1900.

#### Absent, Riely, J.*

1. HOMESTEADS—*Sole Deed of Husband Void—Constitutional Law—Sections 3634 and 3647 of Code.*—A homestead in real estate which has been set apart by a married man cannot be aliened by his sole deed. Such deed conveys no interest in the real estate, and is simply void. Section 3634 of the Code, which declares that the real estate so set apart shall not be encumbered or conveyed except by the joint deed of the husband and wife, is not in conflict with Article XI. of the Constitution, nor is there any conflict in the intent attributed to the framers of the Constitution by sections 3634 and 3647 of the Code.

2. CONSTITUTIONAL LAW—*Statutes—Homestead Laws.*—Every statute is presumed to be constitutional, and will be so declared, unless the contrary is made clearly to appear. The Legislature is omnipotent in making laws, unless restrained by the express or implied provisions of the State or National Constitution. Homestead laws are always liberally construed.

3. HOMESTEAD—*What Constitutes Estate—Powers of Husband and Wife.*—The homestead estate is a unit, and consists of the whole estate in the land, and not of a life estate with remainder over. This estate the husband has a right, the wife uniting, to sell and convey, or to consume in any other way recognized by the law.

Appeal from a decree of the Circuit Court of Wise county, pronounced April 20, 1900, in a suit in chancery, wherein the

---

*Judge Riely was prevented by sickness from attending this term.

appellees were the complainants, and the appellant and another were the defendants.

                                                          *Affirmed.*

The opinion states the case.

*Fulton & McDowell* and *D. D. Hull, Jr.*, for the appellant.

*R. T. Irvine,* for the appellees.

HARRISON, J., delivered the opinion of the court.

In 1883, M. L. McClelland, a householder and head of a family, executed and had recorded his deed describing a certain tract of about one hundred acres of land, and claiming the benefit of the same as a homestead, pursuant to the provisions of the statute in such cases made and provided.

In 1886, being still a householder and head of a family, he made a deed, in which his wife did not unite, conveying the coal and timber in and upon the land, theretofore claimed as a homestead, to O. Barrett, Jr. Subsequently, O. Barrett, Jr., sold and conveyed the same to the appellant.

This suit is brought by M. L. McClelland and Frances E. McClelland, his wife, seeking to have set aside and declared void the deed from M. L. McClelland to O. Barrett, Jr., and also the deed from the latter to appellant. In support of the prayer of their bill, appellees rely upon section 3634 of the Code, which, so far as now material, reads as follows:

"The real estate, set apart as aforesaid, shall not be mortgaged, encumbered, or aliened by the householder, if a married man, except by the joint deed of himself and his wife."

There was no error in overruling the demurrer to the bill. No reason has been assigned in its support, and we see no ground for sustaining it. The chief contention of appellant is that the statute (section 3634) is unconstitutional, because contrary to the express language of the Constitution, and contrary to the

intent of its framers; the argument being that the statute puts a check upon the free alienation of the homestead, and thereby impairs the benefits intended to be secured by the Constitution.

Article XI. of the Constitution, in so far as now material, reads as follows:

" Section 1. Every householder or head of a family shall be entitled * * * * to hold exempt from levy, seizure, garnishing or sale, under any execution, order or other process * * * his real and personal property, or either, * * * to the value of not exceeding two thousand dollars, to be selected by him." * * * *

" Section 5. The General Assembly shall, at its first session under this Constitution, prescribe in what manner and on what conditions the said householder or head of a family shall thereafter set apart and hold for himself and family, a homestead out of any property hereby exempted, * * * * But this section shall not be construed as authorizing the General Assembly to defeat or impair the benefits intended to be conferred by the provisions of this article."

" Section 7. The provisions of this article shall be construed liberally, to the end that all the intents thereof may be fully and perfectly carried out."

We cannot concur in the view that the Legislature has gone beyond its power, in enacting that the real estate set apart as a homestead shall not be aliened by the householder, if a married man, except by the joint deed of himself and wife. By section 5 of the article under consideration, the broadest powers are given the Legislature in the matter of prescribing the conditions upon which the homestead should be set apart and held. The restriction placed by section 3634 upon the right to alien real estate, set apart as a homestead, is not unreasonable, and does not impair the benefits intended to be secured by the Constitution. The manifest purpose of the Constitution was to secure the family a home, notwithstanding the misfortune of the husband, and it tends in a high degree to accomplish that object, to provide that real estate set apart as a homestead shall not be aliened except by the joint deed of the husband and wife.

The learned counsel for the appellant has pressed with much

earnestness the view that to declare valid section 3634, is to hold that the framers of the Constitution, in drafting Article XI., had two irreconcilable intents. The ground of this argument is that, in holding the statute, now carried into section 3647, to be a valid exercise of legislative power, this court has held that the constitutional intent was to give the holder of the homestead the unrestrained power of alienation. *Reed* v. *Union Bank*, 29 Gratt. 719.

The right to waive the benefit of the homestead exemption in a bond, bill, note or other instrument is expressly given by section 3647, and the single question decided in the case cited, was, whether a householder, or head of a family, had a right under the Constitution to waive the benefit of the exemption. The court held that the statute was constitutional, and that the householder, or head of a family, had the right to waive the benefit of his homestead exemption in the manner prescribed by the statute. The court said that there was neither an express or implied prohibition of a waiver of the homestead exemption in the Constitution, nor 'was there any interdiction of the powers of the Legislature to provide for such a waiver, or the mode in which it may be exercised. As already stated, the Legislature is given very broad power and discretion by Article XI., in the matter of prescribing the conditions upon which the homestead shall be set apart and held, and we see no sufficient reason why it could not provide, as a basis of credit, that the householder might, in a bond, note, or other instrument, waive the exemption, and at the same time provide, as a means of protecting, to some extent, the family, that in the case of real estate set apart as a homestead it should not be aliened, except by the wife uniting with the husband in the conveyance. It must be remembered that, when a householder takes the benefit of the homestead exemption, he not only impairs the rights of his creditors, but he surrenders at the same time some of his own rights. He takes the property set apart, upon the terms prescribed as the condi-

tions upon which he is permitted to hold it. He is not compelled to take the homestead, but if he does, the benefit secured is to free the property selected from the attack of his creditors, and in return for this benefit, the statute requires him to surrender his former dominion over the land set apart, only to the extent of providing that he cannot alien the same, except by his wife uniting with him in the conveyance. In *Hatorff* v. *Welford*, 27 Gratt. 356, Judge Staples says that the policy which dictated these homestead exemptions was suggested by considerations both of a political and a benevolent character. " Benevolent, because the possession of the homestead is the security of the family against the improvidence, the follies, and the imprudences of the husband or father." This benevolent intent has been carried out in a meagre way, for it is a very small protection to the family against the improvidence and follies of the husband, to limit his power of alienation only to the extent provided by section 3634. If any conflicting intent is attributed to the framers of the Constitution by the decision construing section 3647, and the view here taken of section 3634, it is more apparent than real. Certainly there is no such conflict as would warrant this court in holding unconstitutional a statute so plainly valid and reasonable as that now before us. We invoke here for our guidance the same rule laid down in *Reed* v. *Bank*, *supra*, that, " Upon the most familiar principles, repeatedly declared by the decisions of the Supreme Court of the United States and by the Supreme Court of all the States, and by none more emphatically than by this court, every statute is presumed to be constitutional. It cannot be declared by the courts to be otherwise, unless it be made clearly so to appear. The whole law-making power is vested in the Legislature, which is omnipotent, unless restricted by the express or implied provisions of the State or National Constitution."

It is further contended that while section 3634 forbids, it does not invalidate a conveyance made by the householder alone; that

such a deed is not declared by the statute to be void or voidable; and that the statute is to be strictly construed and nothing can be added to it by intendment.

Homestead statutes are always construed liberally, in order that their purpose may be more certainly accomplished. Section 7 of the article of the Constitution now under consideration, expressly provides that the provisions of said article " shall be construed liberally, to the end that all the intents thereof may be fully and perfectly carried out." The framers of the Constitution are presumed to have known the general rule of interpretation now contended for, and it is a most reasonable presumption that they inserted section 7 into Article XI. in order to prevent the application of that rule to the statutes enacted for the purpose of carrying out the provisions of that article. Further, the Legislature must have had in mind the constitutional provision for a liberal construction of those statutes when it enacted section 3634, and therefore knew that it was not necessary to declare such a deed, as that in question, void. Otherwise, why should the section have been enacted at all? To give the statute the construction contended for, would make it nugatory, and defeat the plain purpose of the Legislature. To hold that the householder cannot convey the land set apart, except the wife unite in the conveyance, and then to hold that, if he does it, the deed must be held valid, would destroy the law. The only way to carry out the legislative intent, is to hold the deed of the husband *solus* void. This construction is, we think, amply justified by the language of the section and the Constitution.

It is further contended that M. L. McClelland owned the land in question in fee simple, and that, inasmuch as the homestead estate must expire after the death of McClelland and his wife, and the majority of his youngest child (section 3635), the deed should not be held void as to the remaining or underlying estate, but should be held to operate as an alienation of such right or

interest therein, as the grantor might lawfully convey. The fallacy of this position is found, we think, in the assumption that there is an estate remaining after, or underlying the homestead, that the husband can lawfully convey. The "homestead estate" is a unit. It does not consist of a life estate in the land with remainder over. The claimant, when the law is complied with, gets the whole estate in the land, and it is the entire estate thus acquired that he is forbidden to alien except his wife join in the deed. It would greatly impair the benefits intended to be secured by the Constitution were any part or interest in this estate to be vested in the appellant under the deed in question. If appellant held a vested interest, to take effect upon the death of the husband and wife and the majority of the youngest child, the estate created by the law would be greatly depreciated in value. The husband has a right, the wife uniting, to sell and convey the homestead estate, or to consume such estate in any other way recognized by the law. *Williams* v. *Watkins*, 92 Va. 680. He would be deprived of this right, because unable to make title, if a remaining or underlying part of the homestead was vested in appellant. We conclude, therefore, that no right or interest has been acquired by appellant, under the deed in question.

For these reasons the decree complained of is affirmed.

*Affirmed.*