# Richmond.

## DAVIS v. DAVIS AND OTHERS.

### February 5, 1903.

### Absent, Keith, P.

1. HOMESTEAD—*Payment of Debts by Heir—Rights of Widow.*—Where a husband has set apart a homestead, and died owing debts, his surviving widow—there being no infants—is entitled to hold the homestead during her life, or widowhood, and cannot be deprived thereof by the payment of the husband's debts by his heirs. Her status is fixed by the death of the husband owing debts and a homestead claimed in his lifetime.

2. TAX SALE—*Waiver of Rights as Purchaser—Claims of Heirs and Creditors.*—The State or a city may waive its claim as a purchaser of land sold for delinquent taxes upon payment of the sum due for taxes, and permit the heirs or creditors of the former owner to assert their rights to the property in subordination to the amount so due. The State's purchase of the land for delinquent taxes does not deprive the widow of her right to insist upon her homestead as . against creditors of her husband.

Appeal from a decree of the Corporation Court of the city of Lynchburg, pronounced June 15, 1901, in a. suit in chancery, wherein the appellee, William Davis, was the complainant, and the appellant and others were the defendants.

*Reversed.*

The opinion states the case.

*Robert D. Yancey, J. E. Edmunds,* and *Leon Goodman,* for the appellant.

*Alfred B. Percy,* for the appellees.

HARRISON, J., delivered the opinion of the court.

Wesley Davis departed this life in the year 1894, intestate and without issue, seised and possessed of a small house and lot in the city of Lynchburg, which he had occupied as a home for a number of years prior to his death, with his wife, Martha Davis, the appellant, who survived him and has continued in possession of the property to the present time. The bill in this case was filed by William Davis, of the city of New Orleans, alleging that he and one John Davis, also of the State of Louisiana, were brothers of Wesley Davis, and his heirs at law. The bill further alleges that there are debts against the estate, and prays that the house and lot may be sold, the debts paid, the widow's dower commuted and paid to her, and the residue divided among the respective heirs of Wesley Davis, deceased. One Mary Averett, who is made a party defendant, files an answer in which she claims to be the daughter and sole heir of Carolina Diggs, a sister of the deceased, and asserts her right to share equally with the complainant and his brother, John. Martha Davis, the widow, who among others was made a party defendant to the bill, filed an answer in which she claims the right to hold the house and lot mentioned in the bill, as a homestead, during her lifetime, or until she marries again, under and by virtue of a homestead claim made thereon by her husband in his lifetime. That this homestead deed was properly executed by Wesley Davis on the 19th day of May, 1887, claiming the house and lot in question, as a homestead, and that it was on the next day after its execution duly recorded in the clerk's office of the Corporation Court of the city of Lynchburg is an established fact in the case, and has not been denied.

In response to an order of reference directing a number of accounts to be taken, the Master Commissioner returned a report showing that Wesley Davis left no personal estate. He

further reported that the house and lot mentioned in the bill was bound by three judgments obtained against Wesley Davis in his lifetime, aggregating $269.59. Two of these judgments, aggregating $40.53, were subsequently, by order of the court, excluded, upon a plea of the statute of limitations, thus leaving outstanding one judgment amounting to $229.06, with interest on $122.25, part thereof from June 15, 1899. This judgment was obtained at the June term, 1887, very soon after the homestead deed was executed, upon a claim which bore interest from the 14th day of May, 1886, showing that the debt antedated the claim of homestead. The lower court held that the appellant was not entitled to hold the house and lot as a homestead, but that the heirs were entitled to have the same partitioned, and to that end, by decree of October, 1899, a sale was ordered which was made in January, 1900, at the price of $655. By decree of June, 1901, this sale was confirmed, and the sergeant of Lynchburg ordered to dispossess the appellant, and to put the purchaser in possession. From this decree the present appeal was allowed.

In support of the action of the lower court the cases of *Helm* v. *Helm*, 30 Gratt. 404, and *Barker* v. *Jenkins*, 84 Va. 895, 6 S. E. 459, are relied on. Neither of these cases has any application to the case before us. In the first mentioned case the husband had died, leaving no children and no debts, and had not claimed the homestead in his lifetime. Under these circumstances it was held that, after the death of the husband, his widow could not claim a homestead as against his heirs.

In *Barker* v. *Jenkins, supra*, it was held that a widow, whose husband owed no debts at his decease, could not claim a continuance of the homestead which he had set apart in his lifetime.

In the case at bar the husband owed the same debts when he died that he owed when the homestead was claimed years before his death. The law touching the widow's rights under such circumstances is clear and explicit: *"The real estate set apart by*

*any householder in his lifetime shall, after his death, be held by his widow and minor children, or such of them as there may be, exempt as before, and also from the debts and obligations of such widow and children, or any of them until her death or marriage,"* etc.   Code, sec. 3635.

No attempt at interpretation could make the language of this statute plainer, or its meaning clearer.  It is explicit that, in a case like this, the widow shall, after the death of her husband, hold the homestead exempt as it was held before his death.  The view of the commissioner set forth in his report and adopted by the lower court was as follows:  "If there were no creditors the heirs would be entitled to partition, and to have the homestead sold for that purpose if necessary; but the creditors cannot subject the homestead to the payment of their debts, although they are entitled to be paid before any distribution is made to the heirs.  Under these circumstances, should the heirs see fit to pay off the debts against the estate, they would undoubtedly be entitled to partition, for there would then be no creditors against whom the widow could assert the homestead deed.  If this be true, the same result would be obtained by charging the debts, not against the homestead as it now stands, nor against the interest of the widow therein, but against the interest of the heirs, the same to be paid out of their interest before any distribution is made to them.  By so doing the rights of the widow are not affected, the creditors are paid, and the heirs have partition."  To these views we cannot give our assent.  Their result, as shown by the present case, is to deprive the widow of a plain statutory right, and to nullify the law that was intended for her protection.  The question does not arise in this case, and therefore we do not express an opinion as to what the widow's rights would be under a homestead deed taken out by her husband in his lifetime when he left no debts when he died.  In the case before us, there

were debts when the husband died, and in such a case the language of the statute is express that the real estate set apart by any householder in his lifetime shall, after his death, be held by his widow *"exempt as before."*

After the sale was made, the appellees, through their counsel, sought to strengthen their position by buying the outstanding judgment and marking it satisfied. It is contended that, inasmuch as the judgment has been satisfied by the heirs, the widow's rights under the homestead deed have ceased. This position is not tenable. The heirs of the husband cannot, by the means adopted, deprive the widow of her rights under a homestead deed. Her status and her rights are fixed when, as in this case, the husband dies leaving debts and a homestead claimed in his lifetime. If the heirs could buy up the debts at a song, or at their full value, and thus destroy the homestead provision, the widow and infant children could, in every case, be driven from the shelter that was intended to be secured them, and the law reduced to a dead letter. The widow's rights in the premises are fixed by law, and no act of the heir can alter or affect those rights. By the express terms of the law, Code, sec. 3634, the husband, after he has set apart real estate as a homestead, cannot by his sole act alien or encumber the same and thus deprive his wife of her right to such homestead. *Va.-Tenn. Coal, &c. Co.* v. *McClelland,* 98 Va. 424, 36 S. E. 479. This manifest purpose of the law to preserve the homestead for the benefit of the wife and the widow could be of no avail if the heir, who claims under the husband, could, by the device suggested, sweep away the entire subject.

The commissioner states in his report that the house and lot mentioned was sold for taxes, several years prior to the institution of this suit, by the State and the city of Lynchburg, and he reports unpaid taxes amounting in the aggregate to $79.63. It is contended on behalf of appellees that by these tax sales, the appellant has been completely divested of all title she

may have had to the real estate in question; that, not having exercised her right of redemption, she cannot come into a court of equity and maintain her right to hold the property as a homestead. If this contention were sound, it would turn the appellees out of court as effectually as it would the appellant, for if the tax sale has divested appellant of all interest in the property, it has in like manner divested appellees of all interest. Neither the State nor the city of Lynchburg, however, is asserting any claim as purchaser to this property; on the contrary, each has had reported the taxes due, and has thereby expressed a willingness to relinquish any claim as purchaser upon the payment of the sum due for taxes. The propriety of the course pursued in the matter by the government is not only free from objection, but most commendable. *Commonwealth* v. *Ashlin*, 95 Va. 145, 28 S. E. 177.

The right of appellant to hold the house and lot, in the bill mentioned, as a homestead during her life or widowhood, is clear, and the bill filed by appellees ought to have been dismissed with costs.

For these reasons, the decree appealed from must be reversed, and the sale thereby confirmed set aside, and the cause remanded for final action therein by the Corporation Court of Lynchburg, not in conflict with the views expressed in this opinion.

*Reversed.*