**In re Cleveland Russell THOMPSON and Mary Ann Kern Thompson, Debtors.**

**Bankruptcy No. 79–01265.**

United States Bankruptcy Court,
E. D. Virginia.

Feb. 14, 1980.

H. Lee Addison, III, Virginia Beach, Va., the trustee.

Tom C. Smith, Virginia Beach, Va., for debtors.

HAL J. BONNEY, Jr., Bankruptcy Judge.

By this case of first impression under the Bankruptcy Code, for cases filed on or after October 1, 1979, the trustee objects to the wife's claimed exemptions on the grounds she "is not gainfully employed." He does not object to the exemptions claimed by the husband, Cleveland Russell Thompson.

The trustee's position is plainly without merit. Exemptions, Federal or State, are accorded each individual debtor.

"This section shall apply separately with respect to each debtor in a joint case." 11 U.S.C. 522(m)

■ We need hardly broach the basic proposition that the Congress has exclusive jurisdiction to determine precisely what exemptions a debtor may claim. United States Constitution, Article I, Section 8, par. (4). The supremacy of Federal bankruptcy law is unchallenged . . . and this extends to affecting property rights created and protected by State law. *Wright v. Union Center Life Insurance Company*, 304 U.S. 502, 58 S.Ct. 1025, 82 L.Ed. 1490 (1937), reh. den. 305 U.S. 668, 59 S.Ct. 56, 83 L.Ed. 434 (1938); *Continental Illinois National Bank and Trust Co. v. Chicago, Rhode Island, and Pacific Railroad Company*, 294 U.S. 648, 55 S.Ct. 595, 79 L.Ed. 1110 (1934); *Campbell v. Alleghany Corporation*, 75 F.2d 947 (4th Cir. 1935). Conflicting State laws on insolvency are superseded or suspended by Federal bankruptcy legislation. *Local Loan Co. v. Hunt*, 292 U.S. 234, 54 S.Ct. 695, 78 L.Ed. 1230 (1934); *Pobreslo v. Joseph M. Boyd Co.*, 287 U.S. 518, 53 S.Ct. 262, 77 L.Ed. 469 (1933); *International Shoe Co. v. Pinkus*, 278 U.S. 261, 49 S.Ct. 108, 73 L.Ed. 318 (1929). Also see *Kesler v. Department of Public Safety*, 369 U.S. 153, 82 S.Ct. 807, 7 L.Ed.2d 641 (1961); *Moore v. Bay*, 284 U.S. 4, 52 S.Ct. 3, 76 L.Ed. 133 (1931); *Taubel—Scott—Kitzmiller Co. v. Fox*, 264 U.S. 426, 44 S.Ct. 396, 68 L.Ed. 770 (1924); *Globe Bank and Trust Co. v. Martin*, 236 U.S. 288, 35 S.Ct. 377, 59 L.Ed. 583 (1915).

Under the Bankruptcy Act, the Congress provided the exemptions "which are prescribed by the laws of the United States or by the State laws . . . ." Section 6, 11 U.S.C. § 24 [Bankruptcy Act of 1898].

■ Under the Bankruptcy Code, Congress intends that in a joint case each debtor shall be entitled to exemptions. The legislative history reflects this without any doubt. House Report No. 95–595, 95th Cong., 1st Sess. (1977) 363, U.S.Code Cong. & Admin.News 1978, p. 5787.[1]

Section 522, at paragraph (b)(1), does permit a State to "opt out" of *certain, not all*, Federal exemptions providing in the breach to the debtor those exemptions established by State law. One would hardly believe this to be the case after reading Section 522, but, indeed, it is what was intended. 124 Cong.Rec. S 17403–34 (October 6, 1978).

The trustee argues that since Virginia has "opted out,"

"No individual may exempt from the property of the estate in any bankruptcy proceeding the property specified in subsection (d) of § 522 of the Bankruptcy Reform Act (Public Law 95–598), except as may otherwise be expressly permitted under this title," § 34–3.1 Code of Virginia, as amended 1979,

under surviving Virginia law both husband and wife may not claim State exemptions, § 34–1 Code of Virginia, as amended 1979.

This is not so. The Virginia statute is so worded as to acknowledge that the only portion of 11 U.S.C. 522 affected is subsection (d) which enumerates certain property. Each and every debtor may separately claim State exemptions but not the Federal exemptions of subsection (d).

Note, too, that the intent to provide exemptions to all debtors is evident in subsection (b) of § 522 where it is stated "an *individual* debtor may exempt . . . ."

1. A typographical error refers to paragraph (n) rather than (m).

The Court is of the opinion this clearly settles the issue. It would be a stretch of some warped allegience to State sovereignty to find otherwise.

Should there be any doubt, forget not that Virginia courts have consistently construed exemption laws liberally in favor of debtors. *Goldburg v. Salyer*, 188 Va. 573, 50 S.E.2d 272 (1948); *Virginia & Tennessee Coal and Iron Co. v. McClelland*, 98 Va. 424, 36 S.E. 479 (1900); *Richardson v. Woodward*, 104 F. 873 (4th Cir. 1900).

### Not Just Dictum

The 1979 revision of Section 34–1 of the Code of Virginia is both interesting and, in the Court's view, contrary to public policy. It now reads

§ 34–1 Definitions.—The word "householder" as used in this title shall include any person, married or unmarried, who maintains a separate residence or living quarters, whether or not others are living with him. The term "laboring person" shall include any householder who receives wages for his services.

Pursuant to this, where living together, a husband and wife cannot both claim the poor debtor's exemption of § 34–26 or file a homestead deed under § 34–4. But living apart, each may. And one living apart need not even establish a residence, only maintain separate living quarters.

This tortures sound public policy in two respects. It penalizes the couple living together in contrast to the couple which has, as they say, split. Too, it encourages a brief separation in order to qualify for the exemptions. Brief: one day? One week? Methinks "living quarters" would include a rented room, a hotel or motel room and a room at a friend's or relative's house.

There exists a presumption that legislation is constitutional. Nevertheless, even though a statute be enacted with the best motives and in the interest of good government, if it violates the State Constitution, it is the duty of the court to declare it void. *Moore v. Sutton*, 185 Va. 481, 39 S.E.2d 348 (1946); *State v. Sims*, 138 W.Va. 244, 77 S.E.2d 122 (1953). Nor is it necessary to point out the precise provision which it violates if repugnant to the spirit of the constitution or the institutions which the constitution creates. *Farmville v. Walker*, 101 Va. 323, 43 S.E. 558 (1903).

The Virginia Bill of Rights antedates the United States Bill of Rights. Reread, friend, Article I, Section 3. It does not stand alone.

The exemptions claimed by the debtor, Mary Ann Kern Thompson, are allowed; the objections of the trustee are overruled.

IT IS SO ORDERED.