**In re Cleveland Russell THOMPSON, Mary Ann Kern Thompson, Debtors.**

**Bankruptcy No. 79–01265.**
**C/A No. 80–358–N.**

United States District Court,
E. D. Virginia,
Norfolk Division.

June 20, 1980.

See also, 2 B.R. 380.

Tom C. Smith, Virginia Beach, Va., for petitioner.

H. Lee Addison, III, Norfolk, Va., Trustee in Bankruptcy.

## ORDER

CLARKE, District Judge.

This matter is before the Court on appeal of an Order of the United States Bankruptcy Court for the Eastern District of Virginia. This Order entered on February 14, 1980, allowed debtor Mary Ann Kern Thompson to file a homestead deed under Virginia law and thus claim an exemption in the bankruptcy proceeding for the property listed on the deed. The Trustee contends that under Virginia law both the husband and the wife living together in the same house could not claim a homestead exemption.[1] This issue can be resolved by examining the applicable Virginia law.[2]

Section 34–4, Code of Virginia 1950, as amended, provides:

*Exemption Created.*—Every householder or head of a family residing in this State shall be entitled, in addition to the property or estate which he is entitled to hold exempt from levy, distress or garnishment under §§ 34–26, 34–27 and 34–29, to hold exempt from levy, seizure, garnishment or sale under any execution, order or process issued on any demand for a debt or liability on contract, his real and personal property, or either, to be selected by him, including money and debts due him, to the value of not exceeding five thousand dollars. The word "debt," as used in this title, shall be construed to include a liability incurred as the result of an unintentional tort. (Code 1919, § 6531; 1918, p. 487; 1975, c. 466; 1977, c. 496; 1978, c. 231.)

*Property specified in Bankruptcy Reform Act not exempt.*—No individual may exempt from the property of the estate in any bankruptcy proceeding the property specified in subsection (d) of § 522 of the Bankruptcy Reform Act (Public Law 95–598), except as may otherwise be expressly permitted under this title. (1979, c. 692).

The parties are in agreement, together with the Bankruptcy Court, that the state exemptions, and not the federal exemptions, are applicable in this case. Therefore, this Court need only examine the exemptions as claimed by the debtors under Virginia law.

---

1. The debtors' current assertion that the Trustee did not raise this issue in the bankruptcy proceeding and, therefore, is precluded from raising it on appeal is without merit. The issue was addressed specifically by Judge Bonney in the Order from which this appeal was taken.

2. Although the United States Bankruptcy Code, 11 U.S.C. § 522(b) and (d), sets forth the exemptions that a debtor is entitled to claim, the Virginia legislature has "opted out" of these exemptions by enacting section 34–3.1, Code of Virginia 1950, as amended:

In this case, the wife claims that she is entitled to the exemption set forth in section 34–4, because she is a "householder." Section 34–1, Code of Virginia 1950, as amended, defines "householder" as follows:

Definitions.—The word "householder" as used in this title shall include any person, married or unmarried, who maintains a separate residence or living quarters, whether or not others are living with him. The term "laboring person" shall include any householder who receives wages for his services. (Code 1919, § 6566; 1974, c. 253; 1979, c. 674.)

The definition of the term "householder" as used in section 34–4 has changed over the years. Immediately prior to amendment in 1978, the term described a person who was obligated to provide support for other persons living with him. See, e. g., Oppenheim v. Myers, 99 Va. 582, 39 S.E. 218 (1901) (also, the terms householder and head of household were interchangeable). In a 1978 amendment to section 34–1, the word "householder" was defined to "include any person who maintains a separate residence of his own whether or not others are living with him." The long-standing requirement of having dependents was dropped with that amendment. The 1979 amendment added the language "married or unmarried" and required that the householder maintain "a separate residence or living quarters." The 1979 amendment, then, not only continued the changes introduced by the 1978 amendment, namely that a person need not have dependents or others living with him in order to qualify as a householder, but also allowed a single person to qualify as a householder.

■ It is this Court's opinion that the Virginia legislature in its amendments of section 34–1 of the Virginia Code in 1978 and 1979 intended that single persons maintaining a separate residence, and persons separated or divorced from their spouses and maintaining a separate residence, should be entitled to an exemption. This entitlement would be without regard to whether, upon establishing a separate residence, such persons also assumed the man-

tle of "head of the household." The legislature did not, in our opinion, intend to grant double exemptions where there was only one residence occupied by two people, that is, in this case, a man and his wife.

■ Moreover, this interpretation does not challenge the constitutionality of a state statute, which this Court is loathe to do, as statutes should be construed, if fairly possible, to avoid constitutional questions. See, e. g., Palmore v. Superior Court of District of Columbia, 515 F.2d 1294, 1297 (D.C.Cir. 1975); King's Garden, Inc. v. F.C.C., 498 F.2d 51, 57 (D.C.Cir. 1974); Benjamin v. Western Boat Building Corp., 472 F.2d 723, 725, rehearing denied, 474 F.2d 1347, 1348 (5th Cir.), cert. denied, 414 U.S. 830, 94 S.Ct. 60, 38 L.Ed.2d 64 (1973). Furthermore, it is an axiom of statutory construction that a statute is accorded a presumption of validity and that a reviewing court should endeavor to adopt a construction upholding validity. See, e. g., McDonald v. Board of Election Commissioners, 394 U.S. 802, 808–09, 89 S.Ct. 1404, 1408–1409, 22 L.Ed.2d 739 (1969) & cases cited therein; Flemming v. Nestor, 363 U.S. 603, 617, 80 S.Ct. 1367, 1376, 4 L.Ed.2d 1435 (1960). Of particular importance in this regard is the fact that the Virginia statute in question, even after the 1978 and 1979 amendments, continues to meet its original purported purpose to conserve the family home (shelter) from forced sales. See Richardson v. Woodward, 104 F. 873, 875–76 (4th Cir. 1900), for a discussion of the intent of the Virginia homestead exemption laws. The two debtors (husband and wife) in this case have one residence; since they are not living separately, there is only one home to conserve.

In conclusion, the language of the statute clearly requires that a person maintain a separate residence or living quarters in order to meet the definition of "householder" set forth in section 34–1, thereby qualifying for the exemption in section 34–4. The debtors in this case were married and living together, and only the husband was employed. They were not each maintaining a separate residence or living quarters.

Therefore, this Court is of the opinion that under the applicable Virginia law the wife did not meet the definition of a "householder" and was not entitled to the homestead exemption in the bankruptcy proceeding.[3]

The decision of the Bankruptcy Court is REVERSED.

---

**3.** The decision to disallow the wife's claim of the homestead exemption does not imply that the husband, and not the wife, is entitled in every case to the exemption. The wife's exemption was the one challenged by the Trustee in this case. Therefore, in applying the Court's holding that under Virginia law a husband and a wife living together in the same residence are not both entitled to claim a homestead exemption in a bankruptcy proceeding, the wife's exemption was the one denied.