## CIRCUIT COURT OF THE CITY OF RICHMOND

Ruth Z. Seibold

v.

Warehouse Leasing Associates

March 19, 1981

Case No. LC-1270

By JUDGE WILLARD I. WALKER

This matter is before the court for a determination of whether certain personal property of Ruth Z. Seibold is exempt from claims of creditors.

Ruth Z. Seibold is seeking to protect from her creditors a diamond ring and pieces of sterling silverware under the so-called "Poor Debtor's Exemption" provisions of § 34-26 of the Code of Virginia, 1950, as amended. Mrs. Seibold lives with her husband and child, and her husband has not already claimed the exemption.

The applicable statute reads as follows:

> [E]very householder residing in this state shall be entitled to hold exempt. . . from levy or distress the following articles or so much or so many thereof as he may have, to be selected by him or his agents:
>
> (1a) Wedding and engagement rings.
>
> (5) [T]welve knives, twelve forks, two dozen spoons.

Va. Code § 34-26 (Cum. Supp. 1980).

The diamond ring and silver are found to be the property of Ruth Seibold. A long discourse on the rationale

for this finding is unnecessary. Although the silver may be the property of Mrs. Seibold's mother, under Va. Code Ann. § 55-87 it is considered to be the debtor's property for debtor-creditor purposes. The ring is found to be an engagement ring, and the fact that Mrs. Seibold has used the ring as collateral for a loan has no bearing on her right to claim an exemption for it.

The primary issue of the case is whether Mrs. Seibold is entitled to claim the Poor Debtor's Exemption as a "householder" under § 34-26. The creditors claim that "householder" refers to "head of the household," which they interpret to be something akin to the "breadwinner" of the family. They contend that only Mr. Seibold would so qualify under the facts of this case. Consequently, they maintain that only Mr. Seibold may claim the exemption, and Mrs. Seibold's attempted claim is invalid.

Mrs. Seibold has not proved that she is the sole "head of the household." While it is true that she has contributed to the family financially, Mr. Seibold appears to be responsible for the management and direction of family business enterprises.

I find, however, that the test of "householder" referred to in § 34-26 is something other than merely who is the sole "head of the household." Counsel for the creditors has presented a number of Virginia cases wherein "householder" was referred to as the person who has an obligation to support the family members who reside with him, i.e., the "breadwinner" of the family. These cases, however, were decided prior to recent statutory changes in the definition of "householder," outlined below.

Prior to July 1, 1978, the code section read as follows:

> The word "householder" used in this title shall mean one who occupies such a relationship towards persons living with him: to entitle them to a legal or moral right to look to him for support and who, in turn, has the duty of supporting such persons. The word "householder" shall be equivalent to the expression "householder or head of a family"

Va. Code § 34-1 (1974) (amended 1978, repealed and rewritten 1979).

The 1978 amendment added a last sentence: "The word *'householder'* shall also include any person who maintains a separate residence of his own whether or not others are living with him."

The 1979 amendment deleted the obligation to support requirement and rewrote the section to leave in essence the 1978 amendment:

> The word *"householder"* as used in this title shall include any person, married or unmarried, who maintains a separate residence or living quarters, whether or not others are living with him.

Va. Code Ann. § 34-1 (Cum. Supp. 1980).

The only case which has construed the new (1979) definition of "householder" is *In re Thompson*, 2 B.R. 380 (E.D. Va. 1980), which held that an unemployed wife who lived with her husband was eligible for a homestead exemption in addition to the exemption claimed by her husband. The court based its decision in part on the idea that the public policy in favor of family stability would be thwarted if married couples living apart would gain an economic advantage over married couples who were living together.

The case was reversed on appeal by the federal district court, 4 B.R. 823 (E.D. Va. 1980), and the wife's exemption was disallowed, but only on the ground that the exemption had already been claimed by her husband. The court decided that the General Assembly did not intend to grant a double exemption for married persons living together.

This is not the case here. Mrs. Seibold is claiming an exemption which was not previously claimed by her husband. There would be no double exemption. In the present age when women are achieving their just equality under the laws, there is no reason why a husband and wife cannot be the joint head of a household, or why one may not claim an exemption afforded a "householder" when the other does not. Even if the 1979 amendment had not deleted the duty to support requirement, the recent revision of the domestic relations laws makes it clear that a wife and husband share an equal duty to support their children and each other.

Accordingly, I hold that Mrs. Seibold is entitled to claim the diamond ring and the twelve place settings of silver under the statutory exemption of § 34-26.

It is clear that only twelve knives, twelve forks and two dozen spoons are exempt, and that the debtor may select the silver to be retained (along with the diamond engagement ring). The remaining silver must be made available to the creditor.