**In re Robin Lee DOAN, Debtor.**

**In re John Worthington FULLER, Debtor.**

**Bankruptcy Nos. 80–01365, 80–01364.**

United States Bankruptcy Court,
E. D. Virginia,
Alexandria Division.

June 22, 1981.

Morris Schwarzman, Falls Church, Va., for debtors.

Raymond J. Diaz, Fairfax, Va., Trustee in Bankruptcy.

MEMORANDUM OPINION

MARTIN V. B. BOSTETTER, Jr., Bankruptcy Judge.

These matters came on for hearing on the objection of the Trustee, Raymond Diaz, Esquire, to the exemptions claimed by Robin Lee Doan and John Worthington Fuller, the debtors herein. The Court heard evidence during the course of the *Doan* hearing and, thereafter, found that the exemptions claimed by Ms. Doan on her Homestead Deed (attached as an exhibit to Schedule B–4) should be denied. The Court

determined, however, to withhold entry of an order to this effect pending a hearing on the Trustee's objection to Mr. Fuller's claim of exemptions on his Homestead Deed. A hearing was held in the *Fuller* matter and, at the conclusion of the aforesaid hearing, the Court placed the matter under advisement.

The question before the Court is whether two unmarried debtors who reside together in a dwelling which they own may claim dual exemptions, if at all, under Virginia Code § 34–4 (Cum.Supp.1980) as "householders." Virginia Code § 34–1 (Cum.Supp. 1980).

Briefly, the pertinent facts in the *Doan* and *Fuller* matters, as adduced by the Court, are as follows:

The debtors purchased a two-bedroom condominium, located at 11802 Breton Court, 31A, Reston, Virginia on February 27, 1980, which is held by them as joint tenants with full common law right of survivorship expressly retained. There is one common kitchen, dining room, living room and bath in their residence.

Ms. Doan testified during the course of her hearing that she maintained a joint checking account with Fuller. She testified also that most of her funds were placed in this checking account as she maintained no other accounts. Doan testified further that most of the household expenses were paid by she and Fuller out of this account. Doan acknowledged that they were co-signers on their respective charge accounts as well as on other obligations. With respect to the purchase of the debtors' condominium, Ms. Doan stated that each had put down approximately equal sums of money for the down payment on the condominium, as well as equally sharing the expenses in maintaining their residence.

The aforesaid testimony elicited from Ms. Doan at her hearing was later fully and candidly corroborated by Fuller at his hearing. Both debtors maintained that they occupied separate living quarters, seldom dined together and had different work schedules. The debtors testified that their arrangement was for the singular purpose of pooling their limited resources together to meet the minimum down payment and continuing monthly-payment requirements for the purchase and maintenance of the condominium.

The Trustee, at each hearing, argued that as of the date of the filing of the debtors' petitions in bankruptcy (and as of the date of the filing of the Homestead Deeds filed by the debtors among the land records of Fairfax County, Virginia) the debtors were sharing a residence with one another and were not maintaining a separate residence or living quarters within the meaning of Section 34–1 of the Code of Virginia 1950, as amended. The Trustee argues further that neither debtor is a "head of household" as defined under Virginia law, nor may either debtor be considered a "householder" inasmuch as the referenced statute requires that such a person "maintain[ ] a separate residence or living quarters, whether or not others are living with him" without regard to that person's marital status.

The Court finds the decision in *In re Thompson*, 4 B.R. 823 (D.C.E.D.Va.1980) (Clarke, J.) instructive with respect to the proper construction of the term "householder" as defined in Section 34–1. The *Thompson* court alluded to various amendments to Section 34–1 undertaken by the Legislature which have had the effect of broadening the availability of the homestead exemption to unmarried persons whether or not they are supporting dependents.[1]

The Court is in accord with the view expressed in *Thompson, supra*, at 825 "that the Virginia legislature in its amendments of section 34–1 of the Virginia Code in 1978 and 1979 intended that single persons maintaining a separate residence, and persons separated or divorced from their spouses

---

1. The phrase "whether or not others are living with him" found in Section 34–1 (which was added by the 1978 amendment to this section) is clearly intended only to drop the long-standing requirement that in order for a person to be a "householder" he must have dependents. *See In re Thompson, supra*, at 825.

and maintaining a separate residence, should be entitled to an exemption." We note too that conclusion reached therein that "[t]he legislature did not . . . intend to grant double exemptions where there was only one residence occupied by two people. . . ." Although *Thompson* involved double exemptions claimed by "a man and his wife" the case is sufficiently on point under the facts of the present matters relating to one residence owned and occupied by two debtors.

Thus, the crucial issue in the matters at hand is whether the debtors are maintaining a separate residence or living quarters to qualify as "householders" within the meaning of Section 34–1. The Trustee would have the Court conclude that the testimony elicited from the debtors at their respective hearings established that they maintained a single residence or living quarters jointly and, therefore, fall without the purview of Section 34–1.

The Court notes the argument put forth by the debtors that although they share a joint residence they, nevertheless, maintain separate living quarters within that residence. The debtors argue further that, inasmuch as they are not holding themselves out as a married couple, the *Thompson* prohibition against filing dual is without effect in the cases at bar.

Counsel for the debtors next contends that should the Court deny the claim of exemptions for one debtor then it should permit the exemptions claimed by the other debtor, so that at least one of these individuals may benefit from the homestead exemption provision set forth in Section 34–4.

The argument put forth by the debtors' counsel would be valid if the debtors were husband and wife. However, the debtors in the cases at bar are not married. The Court is aware of no standard by which the homestead exemption of one of these debtors may be granted while at the same time denying the exemption as to the other debtor. The debtors stand equally and individually before the Court and, as such, under the present facts, one of the debtors may not be preferred over the other. Thus, we

are constrained to determine the validity of the debtors' claimed exemptions solely in relationship to the language of the Virginia Code provision in question.

 Having reviewed the evidence in both cases, the Court is unable to find that the debtors Doan and Fuller are maintaining a separate residence or living quarters and, therefore, these debtors do not qualify as "householders" as that term is defined by Virginia Code § 34–1. Accordingly, the Court is of the opinion that the debtors may not claim the exemptions provided under Virginia Code § 34–4, as amended.