In re John Lewis BOGGS, Mary Elizabeth Harmon Boggs, Debtors.

Bankruptcy No. 81–01097–N.

United States Bankruptcy Court,
E. D. Virginia,
Norfolk Division.

Jan. 20, 1982.

Allan D. Zaleski, Norfolk, Va., for debtors.

Tom C. Smith, Virginia Beach, Va., Trustee.

OPINION AND ORDER

HAL J. BONNEY, Jr., Bankruptcy Judge.

This proceeding came to be heard upon the motion of John Lewis Boggs to amend

his homestead deed and the motion of Mary Elizabeth Harmon Boggs to file a homestead deed. Alternatively, the debtors ask that their Chapter 7 case be converted to a case under Chapter 13.

The facts are simple and not in dispute. John and Mary Boggs filed their joint petition in this Court on July 17, 1981. Along with the petition, John Boggs filed a copy of his homestead deed which had been properly filed in the Clerk's Office of the Circuit Court of Accomack County, Virginia, on July 15, 1981. On the homestead deed, Boggs claimed an exemption for the equity in the real estate which Mr. and Mrs. Boggs own as tenants by the entireties.

On July 30, 1981, two weeks after the Boggs had filed their petition, the Fourth Circuit rendered its decision in the case of *Cheeseman v. Nachman,* 656 F.2d 60 (4th Cir. 1981). This decision brought about a change in the interpretation of the exemption laws for Circuit and the District. From June 20, 1980, the Eastern District of Virginia was governed by the interpretation of the exemption laws made by U. S. District Court Judge Clarke in *In re Thompson,* 4 B.R. 823 (E.D.Va.1980). In *Thompson,* Judge Clarke ruled that husband and wife living together were entitled to only one homestead exemption under Code of Virginia, § 34–1, § 34–4, (as amended). That interpretation prevailed in this District until July 30, 1981, the date of the *Cheeseman* decision.

The debtors now seek to take advantage of the expanded exemption allowances mandated by *Cheeseman.* Under the ruling of that case, Mrs. Boggs would also be allowed to file a homestead deed thereby increasing the statutory exemptions available to them from $5,000 to $10,000.

It was well settled under the Bankruptcy Act that the law in effect at the time the petition is filed is the controlling law for that case. *White v. Stump,* 266 U.S. 310, 45 S.Ct. 103, 69 L.Ed. 301 (1924). Judge Van-Devanter in *White* stated:

"When the law speaks of property which is exempt and of rights to exemptions, it of course refers to some point of time.

In our opinion this point of time is the one as of which the general estate passes out of the bankrupt's control, and with respect to which the status and rights of the bankrupt, the creditors and the trustee in other particulars are fixed. The provisions before cited show some expressly and others impliedly that one common point of time is intended and that is the date of the filing of the petition."

The Bankruptcy Code (The Bankruptcy Reform Act of 1978) speaks even more clearly. Under § 522(b), a debtor's right to exemptions are spelled out. As Virginia has "opted out" of the federal scheme of exemptions described in § 522(b)(1), § 522(b)(2) is the applicable section for Virginia debtors. Subparagraph (A) of that section states:

"Any property that is exempt under federal law, other than subsection (d) of this section, or *State or local law that is applicable on the date of filing of the petition.*" (emphasis added)

On July 17, 1981, the applicable state law under Code of Virginia, § 34–1 et seq. (as amended) and *In re Thompson,* supra, allowed the filing of a homestead deed by Mr. Boggs only. It is indeed unfortunate that for a period of over twelve months, debtors filing joint petitions in the District were restricted to one homestead deed. At the time of this Court's decision in *Thompson,* the undersigned took the unusual step of urging the U. S. Trustee, the trustee and the attorney for the debtors to appeal the matter directly to the Court of Appeals. Since the matter of exemptions touches upon almost every case and is basic to the system, a final determination was crucial. They would not. Consequently, in the interim a considerable injustice to several thousands has resulted.

But as for the point here, the Court is iron-bound to follow the ruling law at the time.

Code of Virginia § 34–17 (as amended), states "any person who files a voluntary petition in bankruptcy may set it apart

before or on the same day that he files his petition." Despite this, there is nothing to prevent Boggs from amending his homestead deed to increase the value of the previously claimed equity in his property. *In re Waltrip,* 260 F.Supp. 448 (E.D.Va. 1966).

As for a conversion, either debtor, or both, has one absolute right of conversion of a liquidation case to a Chapter 13, an individual repayment case. 11 U.S.C. 706(a).

IT IS SO ORDERED.