# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

HARRISON V. THOMAS.

January 12, 1905.

1. DELINQUENT LANDS—*Right to Redeem—Notice—Act of April 2, 1902—Right of Redemption Barred.*—The provision of the Act of April 2, 1902, (Acts 1901-'2, p. 799,) amending Code, section 655, requiring the purchaser of land sold for delinquent taxes to give four months' notice of his purchase to the persons enumerated in the statute, before he shall be entitled to a deed, and giving to "the person entitled to redeem" the right to redeem at any time before the expiration of four months, has no application to a person whose time for redemption had expired before the Act took effect. It was not the purpose of the legislature to revive a right of redemption already barred, if, indeed, it had the constitutional power to do so.

2. CONSTITUTIONAL LAW—*Two Constructions Possible—One Unconstitutional.*—Where a statute is susceptible of two constructions, one of which is plainly within, and the other without, the legislative power, the courts must adopt the former construction.

3. DELINQUENT LANDS—*Treasurer's Report of Sales—Alphabetical Arrangement.*—The proceedings under which land is sold for delinquent taxes are not void because the former owner's name did not appear in alphabetical order in the Treasurer's original report of sales, as the statute does not require the observance of such alphabetical arrangement.

Appeal from a decree pronounced by the Chancery Court of the city of Richmond in a suit in chancery, wherein the appellant was the complainant, and the appellee was the defendant.

*Affirmed.*

The opinion states the case.

*S. S. P. Patteson,* for the appellant.

*W. H. Werth,* for the appellee.

WHITTLE, J., delivered the opinion of the court.

This case involves the construction of an Act of the General Assembly, approved April 2, 1902, (amending and re-enacting sec. 655 of the Code of Virginia), requiring the purchaser of real estate at a tax sale to give four months' notice of his purchase to the persons enumerated in the statute, before he shall be entitled to a deed.

Appellant, who was the former owner of two lots located in the city of Richmond, which were sold for taxes March 19, 1900, filed a bill in the Chancery Court of that city against appellee, the purchaser, to set aside the deeds to the property, executed April 7, 1902, on the ground that they were void because of the failure of appellee to give the four months' notice of his purchase, prescribed by the amended statute.

The Act provides, as did the original section, that "after the expiration of the said two years, the purchaser of any real estate so sold and not redeemed  .  .  .  shall obtain from the clerk  .  .  .  a deed conveying the same." The amendment declares, "but in no case shall a deed be made to any such purchaser of any such real estate until after such purchaser has given to the person in whose name the real estate stands at the time of said sale  .  .  .  four months' notice of his said purchase"; and also, that "the person entitled to redeem said real estate shall have the right to redeem the same at any time before the expiration of four months, although such time extend beyond the two years first mentioned herein." *Acts* 1901-2, p. 779.

This court, upon a similar state of facts, recently had occasion to construe this statute, in the case of *Nuckols* v. *Waddill, Clerk,* which was a petition by the purchaser of real estate at a tax sale for a mandamus to compel the clerk to execute the deed required by statute. The defense interposed was that the purchaser had not given the prescribed notice, and was therefore not entitled to demand a deed. But the court, after mature deliberation, reached the conclusion that the amended act had no application to a case in which the two years allowed for the redemption of the land had expired before it came into effect.

It will be observed that the amendment in terms applies only to persons entitled to redeem; and appellant was clearly not of that class, since her right to redeem had already ceased by lapse of time. While it is true the statute comprises sales made before as well as those made after its passage, nevertheless, with respect to the former, it only includes those wherein the right to redeem was in force when the new law took effect. If only the last day of the two years remained at that time, the right to the four months' notice accrued, although it would have the effect of extending the right of redemption beyond the original limit of two years. But it was not the purpose of the legislature to revive a right of redemption already barred; if, indeed, it possessed the constitutional power to do so.

In the leading case of *Curtis* v. *Whitney,* 13 Wall. 70, 20 L. Ed. 513 (and other cases relied on by appellant) the right of redemption under the prior law was a *subsisting right* at the date of the amendment; and the court properly held that a mere change of procedure requiring notice, and enabling the former owner the more certainly to exercise his right of redemption, did not impair the obligation of the purchasers' contract. In that case the period of redemption had not expired, at the date of the amendment requiring notice, by more than thirteen months. The opinion of Justice Miller is in entire accord with

the distinction which this court observes between an existent and non-existent right of redemption when the amendment attaches.

If, however, the import of the Act under consideration were doubtful, the case would call for the application of the familiar rule, that where a statute is susceptible of two constructions, one of which is plainly within, and the other without, the legislative power, the courts must adopt the former construction. *Martin* v. *South Salem Land Co.*, 97 Va. 349, 33 S. E. 600.

With respect to the remaining suggestion, that the proceedings are void because appellant's name did not occur in alphabetical order in the treasurer's original report of sales, it is sufficient to remark, that the statute does not require the observance of such alphabetical arrangement. *Code*, sec. 642.

Upon the whole case, the court is of opinion that the decree complained of is without error, and it must be affirmed.

*Affirmed.*