# · CASES DECIDED

## IN THE

# Supreme Court of Appeals

## OF VIRGINIA.

### �export Richmond.

ADAMS EXPRESS CO. v. CHARLOTTESVILLE WOOLEN MILLS.

December 3, 1908.

1. CONSTITUTIONAL LAW—*Presumption—Statutes Susceptible of · Two Constructions.*—Every statute is presumed to be constitutional, and cannot be declared to be otherwise unless it is made clearly so to appear. If a statute is susceptible of two constructions, one of which is plainly within, and the other plainly without, the legislative power, the courts must adopt the former.

2. CONSTITUTIONAL LAW—*Interstate Commerce Act—Reduction of Rates by False Billing—Virginia Act Constitutional—Code 1904, Sec. 1294c.*—Clause ten of section 1294c of Code of 1904 regulating common carriers is modeled after the Interstate Commerce Act, and is practically identical with its provision on the same subject, except that the penalty for its violation is less drastic. Each forbids, under penalty, false billing, weighing, classifying, and the like, of goods offered for shipment, and thereby obtaining transportation at less than the regular rates. The Virginia statute; therefore, is not unconstitutional, because in conflict with the Federal act.

3. APPEAL AND ERROR—*Constitutional Question—Limit of Jurisdiction.*—The constitutional question upon which the jurisdiction of this court solely depends not being sustained, this court is without jurisdiction to pass on the merits of the case.

Error to a judgment of the Corporation Court of the city of Charlottesville in an action of assumpsit. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

VOL. CIX—1.

*Wyndham R. Meredith* and *Harmon & Walsh*, for the plaintiff in error.

*Hanckel & Hanckel* and *Geo. E. Walker*, for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This action was brought to recover damages for the loss of two bales of woolen goods shipped by the defendant in error at Charlottesville, Virginia, to certain consignees in New York city.

. Upon the trial, a jury was waived, and the whole question of law and fact was submitted to the court. Upon due consideration the court gave judgment for the defendant in error. This judgment we are now asked to review and reverse.

It is properly conceded that, so far as the pecuniary amount involved is concerned, this court is without jurisdiction; but it is contended that the action rests upon a Virginia statute which is in conflict with the act of Congress known as the Interstate Commerce Act (act February 4, 1887, c. 104, 24 Stat. 379, U. S. Compiled St. 1901, p. 3154), and that this repugnance renders the Virginia statute unconstitutional and void.

The evidence shows that the Charlottesville Woolen Mills is a large shipper over the Adams Express Company's line. On November 1, 1906, the Woolen Mills delivered to the Express Company one bale of woolens, consigned to Ridabock & Co., New York, and took the usual receipt, the express charges fixed by the agent of the Express Company being $1.50, which were to be paid by the consignee on delivery of the goods. No value was placed on this shipment, nor was anything said about it. Again on November 30, 1906, the Woolen Mills delivered to the Express Company a package of goods consigned to Browning, King & Co., New York, and took the usual receipt,

the express charges fixed by the agent being $1.00, which was paid by the Woolen Mills. No value was placed upon this package, nor was anything said about it. This appears to have been the course of dealing between the parties—the Woolen Mills filling up the receipts or bills of lading for which shipments were made.

It is admitted by the express company that both these packages of goods were lost. The rate charged for these shipments was reckoned upon the basis of $50.00 as their value. It appears that the value of one was $190.05, and of the other $83.19; and that if they had been shipped at their true value the rate would have been greater than was charged. It is, therefore, insisted that the Woolen Mills, by its failure to state the value of the goods, has knowingly and wilfully, by false billing, and false representation, obtained transportation for its property at less than the regular rate, thereby rendering the contract sued on unenforceable by reason of the plaintiff having made itself amenable to the following provision of section ten of the Interstate Commerce Act:

*"Any person and any officer or agent of any corporation or company who shall deliver property for transportation to any common carrier, subject to the provisions of this act, or for whom as consignor or consignee any such carrier shall transport property, who shall knowingly and wilfully, by false billing, false representation of the contents of the package, or false report or weight, or by any other device or means, whether with or without the consent or connivance of the carrier, its agent or agents, obtain transportation for such property at less than the regular rates then established and in force on the line of transportation, shall be deemed guilty of fraud, which is hereby declared to be a misdemeanor, and shall, upon conviction thereof in any court of the United States of competent jurisdiction within the district in which such offense was committed, be subject for each offense to a fine of not exceeding five thousand dollars or imprisonment in the penitentiary for*

*a term of not exceeding two years, or both, in the discretion of the court."*

In order to give this court jurisdiction it is contended that clause ten of section 1294c of the Virginia statute regulating common carriers is in conflict with the foregoing provision of the act to regulate commerce.

The clause of the Virginia statute referred to provides as follows:

*"Any person, or any officer of any corporation or company, who shall deliver property for transportation to any transportation company, or for whom as consignor or consignee any such transportation company or line shall transport property, who shall knowingly and wilfully, by false billing, false classification, false weighing, false representation of the contents of the package, or false report of weight, or by any other fraudulent device or means, whether with or without the consent or connivance of the carrier, its agent or agents, obtain transportation for such property at less than the regular rates then established and in force on the line of transportation, shall be fined not less than one hundred dollars nor more than five hundred dollars for each offense."*

This Virginia statute was enacted years after the act of Congress regulating commerce, and an examination of the two provisions in question shows that the Virginia legislature intended and was endeavoring to model its enactment for the regulation of common carriers upon the Federal law. While the language of the two provisions here contrasted is not in all respects exactly the same, it is substantially so. The terms of the two provisions are practically identical, except that the punishment declared by the Federal statute for a violation of the law is more drastic than that imposed by the State enactment.

We can declare an act of the General Assembly void only when such act is so clearly and plainly unconstitutional as to leave no doubt or hesitation on our minds. Upon the most familiar principles, repeatedly declared by the decisions of the

Supreme Court of the United States, and of the supreme courts of all the States, and by none more emphatically than by this court, every statute is presumed to be constitutional. It cannot be declared by the courts to be otherwise unless it is made clearly so to appear. *Button* v. *State Corporation Commission,* 105 Va. 637, 54 S. E. 769; *Virginia-Tenn. C. & I. Co.* v. *McClelland,* 98 Va. 424, 36 S. E. 479.

Further, it is a recognized canon of construction, that when a statute is susceptible of two constructions, one of which is plainly within and the other plainly without the legislative power, the courts must adopt the former construction. *Harrison* v. *Thomas,* 103 Va. 333, 49 S. E. 485.

In the light of these authorities and the well settled principles they illustrate, we cannot hold the Virginia act to be unconstitutional and void because in conflict with the provisions of the Federal law here invoked.

Section 88 of the Virginia Constitution provides, that in no case where the jurisdiction of the court depends solely upon the fact that the constitutionality of a law is involved shall the court decide the case upon its merits, unless the contention of the appellant upon the constitutional question be sustained. The constitutional question, upon which our jurisdiction solely depends, not being sustained, we are without jurisdiction to pass upon the merits of the case, and must not be understood as intimating an opinion upon any question raised by the record, other than the constitutional question.

The judgment must, therefore, stand affirmed.

*Affirmed.*