# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

## NORFOLK AND WESTERN RAILWAY CO. V. DIXIE TOBACCO CO.

### January 26, 1911.

### Absent, Cardwell, J.

1. CARRIER—*Interstate Shipments—Liability of Initial Carrier—Carmack Amendment Valid.*—The Carmack amendment of the Interstate Commerce Act (Act of Congress, June 29, 1906), rendering the initial carrier of an interstate shipment of goods liable for any loss, damage or injury to such goods, caused by it or any connecting carrier to whom they are delivered or over whose line they may pass, notwithstanding any contract, receipt, rule or regulation of the carrier to the contrary, is a valid and constitutional regulation of Interstate Commerce.

2. APPEAL AND ERROR—*Constitutional Question—Passing on Merits of Case.*—Under the provision of section 88 of the Constitution of this State, where the jurisdiction of this court depends solely on the fact that the constitutionality of a statute is involved, this court cannot decide the case upon its merits, unless the contention of the appellant upon the constitutional question is sustained.

Error to a judgment of the Circuit Court of Bedford county, on appeal from a justice of the peace. Judgment for the plaintiff. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*S. Griffin, Theodore W. Reath* and *F. Marcoe Rivinus*, for the plaintiff in error.

*Sale & Withers* and *S. S. Lambeth, Jr.*, for the defendant in error.

Keith, P., delivered the opinion of the court.

The Dixie Tobacco Company brought its warrant against the Norfolk and Western Railway Company to recover the sum of $66.62, with interest, which it claims to be due for damages to a shipment of tobacco from Bedford City, consigned to W. J. Roseborough, Jr., Marshall, Texas. The justice of the peace gave judgment to the plaintiff for the amount claimed, and an appeal was allowed the defendant to the Circuit Court of Bedford county, where the case was tried by a jury and a verdict rendered for $66.62, with interest, upon which the court entered judgment, and to that judgment a writ of error was awarded by one of the judges of this court.

The pecuniary amount involved is too small to give this court jurisdiction. The Norfolk and Western Railway Company claims, however, that the constitutionality of an act of Congress is involved, which gives this court jurisdiction.

These goods were shipped from Bedford City, Va., to a consignee living in Marshall, Texas. The Norfolk and Western road was the initial carrier, and claims that it delivered the shipment in good order to its connecting carrier. The bill of lading issued by the Norfolk and Western Railway Company stipulated, that "No carrier shall be liable for loss or damage not occurring on its own vessel, road or its portion of the through route."

In reply to this contention, the Dixie Tobacco Company vouches the act of Congress known as the "Act to Regulate Commerce," as amended June 29, 1906. In section 20 of that act it is provided, "That any common carrier, railroad or transportation company receiving property for transportation from a point in one State to a point in another State, shall issue a receipt or bill of lading therefor, and shall be liable to the lawful holder thereof for any loss, damage or injury to said property caused by it or by any common carrier, railroad or transportation company to which such property may

be delivered, or over whose line or lines such property may pass, and no contract, receipt, rule or regulation shall exempt such common carrier, railroad or transportation company from the liability hereby imposed, provided that nothing in this section shall deprive any holder of such receipt or bill of lading of any remedy or right of action which he has under existing law."

It was earnestly contended that this section was repugnant to the Constitution of the United States and, therefore, null and void.

In the case of *Atlantic Coast Line Railroad Co.* v. *Riverside Mills* (decided at the October term, 1910), 219 U. S., 54 L. Ed., 31 Sup. Ct. 164, Mr. Justice Lurton of the United States Supreme Court handed down an opinion, on the 3rd of January, 1911, concurred in by the entire court, affirming the constitutionality of the section quoted, and that case settles the controversy.

We are not only of opinion that the provision in question is constitutional, but that it is a most wise and salutary law.

In *Adams Express Co.* v. *Charlottesville Woolen Mills*, 109 Va. 1, 63 S. E. 8, in referring to section 88 of the Virginia Constitution, it is said, that "in no case where the jurisdiction of the court depends solely upon the fact that the constitutionality of a law is involved shall the court decide the case upon its merits, unless the contention of the appellant upon the constitutional question be sustained. The constitutional question, upon which our jurisdiction solely depends, not being sustained, we are without jurisdiction to pass upon the merits of the case."

The judgment must, therefore, stand affirmed.

*Affirmed.*